OCTAVIA A. PERRY et al. v. WM. R. PETERSON, Administrator of Chas. R. Vann, et al.

*Irregularity—Judicial Sale—Purchaser—Notice—Issues.*

1. A license to sell lands for assets granted before the determination of an issue as to the title raised by the pleadings in the proceedings is irregular; and it *seems,* that a purchaser at a sale made thereunder, with notice of the irregularity, will not be protected against an action to set it aside.

2. But before the sale and proceedings thereunder are vacated, if the notice is denied, the facts in respect thereto should be ascertained by an issue submitted for that purpose.

CIVIL ACTION, tried before *Gilmer, Judge,* at February Term, 1886, of SAMPSON Superior Court.

Chester R. Vann died intestate in 1864, in the county of Sampson. At November Term, 1866, of the Court of Pleas and Quarter Sessions of that county, Wm. R. Peterson, one of the defendants, being the administrator, filed a petition for leave to sell the lands therein described for assets, alleging that the intestate had died seized and possessed thereof. The heirs at law—the plaintiffs in the present action, and who were then infants without guardian—were named as parties defendant, but no service of process was made upon them. Their grandfather, John Vann, was also made a party defendant, as trustee. The clerk of the court was appointed guardian *ad litem,* and as such accepted service of the petition.

The grandfather filed an answer—which was adopted by the guardian *ad litem*—on behalf of the heirs, in which it is alleged that the intestate never owned any interest in the lands, but that it had been conveyed by himself directly to the infant children of said Chester.

Upon these pleadings, an issue of title was, under the direction of the Court, framed, but before it was disposed of, at February Term, 1868, of said Court, a decree was filed granting the license to sell, under which the land was sold, and purchased by one Mathis. The sale was reported to the Court and confirmed. Mathis then reconveyed to the administrator, and the latter to the present defendants, or to those under whom they claim.

This action was brought by the heirs at law of Chester R. Vann, against his administrator, and the persons claiming under the sale made by him, to set aside the decree for sale, and all orders, &c., made in pursuance thereof. They alleged that all the purchasers took with notice of their title, and of the irregularities in the proceedings, upon which they were founded.

The defendants, among other defences, alleged that the land belonged to Chester R. Vann; that the order for sale was granted by consent; that the purchasers, from the administrator paid a valuable consideration and had no notice of the plaintiffs' claim, or of the alleged irregularities. They also averred that the plaintiffs were estopped by the orders, decrees, &c., made in the petition to sell, and by the further fact that in 18 . the present plaintiffs made a motion in the Probate Court of Sampson county to set aside the sale, which was refused, and this refusal was affirmed upon successive appeals to the Superior and Supreme Courts.

Upon these pleadings two issues were submitted:

1. Have the plaintiffs an equity in the land?

2. Did defendants purchase it with notice of this equity?

Upon the trial, the record of the Court of Pleas and Quarter Sessions was put in evidence, showing substantially the facts alleged in the complaint.

It was also in evidence that the said administrator, Wm. S. Peterson, under said decree, conveyed said land to one Abram Mathis, who re-conveyed to the said Wm. S. Peterson, who conveyed to the defendant Wm. Sutton, and that the said Sutton, before his purchase of said land, had been notified of the plaintiff's claim to the land.

Upon the case so made, the Court was of the opinion that the first issue should be found in favor of the defendant; that there being no allegation in the complaint, and no proof on this trial, that the decree of February, 1868, of the said Court of Pleas and Quarter Sessions ordering a sale of the said land, was obtained by fraud or mistake, that said decree was conclusive upon the defendants therein, who are the plaintiffs herein, and that said plaintiffs had no equity to set said decree aside, but that if the jury believed the evidence, the defendant Sutton had purchased the land with knowledge of the plaintiff's claim. In deference to which

5

opinion of the Court, the plaintiffs suffered a nonsuit.   Judgment accordingly, and appeal by the plaintiffs.

*Messrs. J. L. Stewart* and *M. C. Richardson*, for the plaintiffs. No counsel, for the defendants.

MERRIMON, J.   The order of sale made in the proceeding in the late Court of Pleas and Quarter Sessions mentioned, was irregular and improperly made.   It ought not to have been made until the issue which preceded it in the record, as to the title to the land mentioned and described in the petition in that proceeding, had been tried and disposed of as the preceding order of the Court directed.

A material allegation, not very distinctly made in the complaint in this action, is that the purchaser of the land under the irregular order of sale mentioned, and the present defendants, Peterson and Sutton, had notice of such irregularity, and at the time they respectively purchased the land, had also notice of the claim of the plaintiffs (except James Chesnutt) that it belonged to them, and they had valid title for the same.   No issue in this respect was tried, nor does it appear from the case on appeal, that Abram Mathis, who purchased directly under the order of sale, had notice of such claim of the plaintiffs.   It does appear affirmatively that the defendant Sutton had such notice, and by inference that the defendant Peterson likewise had, but the Court, before passing upon the merits of the case, should have ascertained whether Mathis had or had not like notice. If he had, and it had so appeared on the trial, it may be that the Court would and ought to have given judgment in favor of the plaintiffs.

The pleadings in their compass and effect, required that such an inquiry should be made, and the action could not be properly determined without it.

There must therefore be a new trial. To that end let this opinion be certified to the Superior Court according to law. It is so ordered.

Error. Reversed.